UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUAN SAENZ,

    Plaintiff,

v.

BUCKEYE CHECK CASHING OF ILLINOIS,
CHECKSMART FINANCIAL, LLC, and
COMMUNITY CHOICE FINANCIAL, INC.,

    Defendants.

No. 16 CV 6052

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Juan Saenz defaulted on his personal loan. Buckeye Check Cashing of Illinois mailed Saenz a letter informing Saenz of his missed payment and attempting to collect his debt. Saenz alleges that by sending this letter Buckeye violated the Fair Debt Collections Practices Act in two respects. First, Buckeye failed to include in the letter notices of Saenz's rights under the FDCPA. Second, Buckeye made false, deceptive, and misleading representations in the letter in order to collect the alleged debt. Saenz named Buckeye and affiliated companies, Checksmart Financial, LLC, and Community Choice Financial, Inc., as defendants. The defendants move to dismiss Saenz's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

I.    **Legal Standards**

A court must dismiss an action if it determines, at any time, it lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and a defendant may move to dismiss

an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that jurisdiction is proper. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1022 (7th Cir. 2001) (citation omitted). To prevail, "a plaintiff need only show the existence of facts that could, consistent with the complaint's allegations, establish standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 558 (2009)). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989). With a 12(b)(6) motion, a court may only consider allegations in the complaint, documents attached to the complaint, and documents that are both referred to in the complaint and central to its claim(s). *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but the court need not accept legal conclusions or conclusory allegations. *Virnich*, 664 F.3d at 212 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680–82 (2009)).

**II.  Background**

Saenz took out a consumer payday loan for personal purposes. [1] at ¶ 12. He was unable to pay it and he defaulted on the loan. [1] at ¶ 13. Buckeye sent a letter to Saenz on Buckeye's letterhead, which said, "Your loan is in default." [1-1] at 8. It

also stated: "Your debt has now been transferred to our office for collection," and referred to a contract with Buckeye. [1-1] at 8. The collection letter was Buckeye's first and last communication with Saenz; it did not provide notices about Saenz's rights to dispute or verify the debt, or to obtain additional information about the creditor. [1] at ¶¶ 15–19. The complaint alleges that Buckeye's letter was false, deceptive, and misleading because Buckeye represented itself as a debt collector to instill fear in Saenz and to induce Saenz to pay the debt. [1] at ¶¶ 31.

### III. Analysis

#### A. Saenz Has Standing to Bring This Lawsuit

Saenz alleges he suffered "a concrete informational injury" due to Buckeye's "failure to provide truthful information" in its collection letter to Saenz—an injury which can be redressed by a favorable decision by this court. [1] ¶¶ 3–4. Buckeye argues that "[n]one of the asserted violations worked an actual harm," [12] at 4, nor did they pose a "risk of real harm," [12] at 6–7, and thus, there is no injury-in-fact. Without an injury-in-fact, Buckeye notes, Saenz has no standing to bring this FDCPA lawsuit.

A federal court does not have subject-matter jurisdiction over a dispute unless the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, *as revised* (May 24, 2016). An injury-in-fact is a concrete and particularized invasion of a legally protected interest. *Id*. at 1548. In *Spokeo*, the Supreme Court held that even

3

lawsuits based on statutory violations require proof of a concrete injury, which is not met automatically by citing a statute that grants a right and authorizes a suit to vindicate that right. *Id*. at 1549. "This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness." *Id.* (citation omitted). In some circumstances, violation of a statutory procedural right will be enough to confer standing. *Id.* For some plaintiffs, alleging the harm identified by Congress in the statute is sufficient. *Id.*

The Seventh Circuit has not had occasion to consider Article III standing for FDCPA violations after *Spokeo*. But nothing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III. *See, e.g.*, *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014) (citing *Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 294 (7th Cir. 2000)). Indeed, the Supreme Court endorsed the view that "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Spokeo*, 136 S. Ct. at 1549 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 580 (1992) (Kennedy, J., concurring)).

Congress gave consumers a legally protected interest in certain information about debts, and made the deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury. The violations alleged here are distinguishable from the "bare procedural violation" imagined in *Spokeo*. 136 S. Ct. at 1550. Saenz was harmed by receiving a deficient

4

and allegedly misleading communication from Buckeye—a harm defined and made cognizable by the statute, but a concrete harm nonetheless. The alleged violations of the FDCPA in this case are concrete and particularized to Saenz, and he has Article III standing to bring suit. Buckeye's motion to dismiss for lack of subject-matter jurisdiction is denied.

### B. The Complaint Fails to State a Claim Under the FDCPA

The act targets debt collectors, not creditors. A "creditor" extends credit thereby creating a debt. 15 U.S.C. § 1692a(5). A "debt collector" collects, or attempts to collect, debts of *another. Id.* at (6). "Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act." *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) (citation omitted). When creditors do not practice self-restraint, though, the FDCPA can sometimes apply. Specifically, the term "debt collector" "includes any creditor who, in the process of collecting his own debts, *uses any name other than his own* which would indicate that a third person is collecting or attempting to collect such debts." § 1692a(6) (emphasis added). This is known as the false names exception. It is the only circumstance under which the FDCPA creates liability for unfair debt collection practices by creditors.

Saenz's complaint invokes the false names exception by alleging that the collection letter fails to clearly identify the sender or the creditor. He attaches the letter to his complaint, and admits the letter is on Buckeye's letterhead. [1] at ¶¶ 23

5

& 25. The uncertainty for Saenz comes from this statement: "Your debt has now been transferred to our office for our collection." [1] at ¶¶ 22–23. From Saenz's perspective, the reference to "our office," without further explanation, suggests the office belongs to a third party and not to Buckeye. [1] at ¶ 22. Even assuming that Buckeye is the original creditor, Saenz contends, the FDCPA applies because Buckeye proclaimed itself to be a debt collector by sending a letter that suggests it is from "an office that collects debts." [1] at ¶ 25, (citing *Catencamp v. Cendant Timeshare Resort Grp.-Consumer Fin., Inc.*, 471 F.3d 780, 781 (7th Cir. 2006)).

Buckeye insists it is the original creditor. [12] at 8. Since Saenz recognizes the use of Buckeye's letterhead and does not allege that Buckeye used a false name in the collection letter, Buckeye argues that the FDCPA false name exception cannot apply here. [12] at 8. If the FDCPA does not apply to Buckeye's communication to Saenz, the complaint must be dismissed (and no theory of vicarious liability would support a claim against the affiliated defendants).

The notion that a creditor can make a proclamation that subjects itself to treatment as a "debt collector" under the FDCPA is limited to proclamations about the creditor's identity and does not include representations about the creditor's intent. *See Catencamp*, 471 F.3d at 782 (applying the false names exception where creditor communicated to debtor using two names the debtor had never encountered before). In *Catencamp*, the creditor sent a collection letter to collect on its debt, but masked its identity by using a trade name. The court concluded that the unsophisticated consumer would understand this letter to be from a debt collector;

6

thus the false name exception applied. *Id.* (citing *Gammon v. GC Services Limited Partnership*, 27 F.3d 1254 (7th Cir. 1994) (discussing the "unsophisticated consumer" standard). But if it had been on the creditor's letterhead, the communication would be "from the creditor in its own name" and the FDCPA would not apply even though there was a confusing statement in the body of the letter. *Id.*

*Catencamp* instructs, therefore, that unless the creditor communicates under a different name, triggering the false name exception, courts will not examine the effect of the substantive contents of a communication on the unsophisticated consumer because "the Act's anti-confusion rule applies only to debt collectors." *Id.*; *see also Nwoke v. Countrywide Home Loans, Inc.*, 251 Fed. App'x 363, 364–365 (7th Cir. 2007) (unpublished) ("[Creditor's] statement in a single letter that it is a debt collector does not raise a genuine issue of material fact as to whether it is subject to the FDCPA for attempting to collect a debt it believed [debtor] owed."); *Gaddy v. Wulf*, No. 09 CV 5338, 2010 WL 1882015, at *4 (N.D. Ill. May 11, 2010). Here, Saenz alleges that only one name appeared in the letter: Buckeye's. Consequently, Buckeye's letter was "from the creditor in its own name." *Catencamp*, 471 F.3d at 782. The letter said the debt had been "transferred to our office," and referred to Buckeye in the third person (claiming that "we are required by contract with Buckeye" to resolve the debt), so it certainly could have been more direct and clear about its source. But it did not use any *name* other than Buckeye's, the creditor, and the unsophisticated consumer would see that no other name was used. Creditors are not subject to the FDCPA unless they use a name other than their own, and here,

7

the false name exception does not apply. Although the contents of Buckeye's letter may have confused Saenz and failed to contain FDCPA-required notices, the letter is not actionable under the FDCPA.

Ordinarily, a plaintiff should be given leave to amend the complaint after a first dismissal, but here, there can be no allegation that cures the defect in plaintiff's theory. The creditor did not use any name other than its own, and so was not a debt collector subject to the FDCPA. The complaint against Buckeye, and against Community Choice and Checksmart by extension, is dismissed with prejudice for failure to state a claim upon which relief may be granted.

## IV. Conclusion

Defendants' motion to dismiss [11] is granted in part, and denied in part. Saenz alleged a sufficiently concrete harm to confer Article III standing, but he did not—and cannot—allege facts to support a claim that Buckeye met the statutory definition of a debt collector under the FDCPA. The complaint is dismissed with prejudice, and plaintiff's motion for class certification [18] is denied as moot. Enter judgment and terminate civil case.

ENTER:

Manish S. Shah
United States District Judge

Date: 9/20/2016